IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

PROFESSIONAL, INC. d/b/a
PROFESSIONALS AUTO BODY,

      Plaintiff,

v.                                                           Case No. 6:18-cv-06024-GAP-TBS

KEMPER INDEPENDENCE INSURANCE
COMPANY,

      Defendant.

**<u>DEFENDANT'S MOTION TO DISMISS COMPLAINT AND INCORPORATED
MEMORANDUM OF LAW</u>**

## **TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................1

LEGAL STANDARD..........................................................................................................3

LAW AND ARGUMENT ................................................................................................ 3

    I.      Plaintiff's Tort Claims are Barred by Res Judicata ................................. 3

    II.    Plaintiff's Complaint Should be Dismissed Pursuant to Rule 12(b)(6) for Improper Claim Splitting ....................................................................... 5

    III.   The Complaint Violates Rule 8's Pleading Standard ............................. 9

    IV.   The Complaint Fails to State Any Cognizable Claim for Relief ......................... 10

           A.      Plaintiff's Quantum Meruit (Count I) and Unjust Enrichment (Count II) Claims Fail For the Same Reasons Already Determined by this Court....10

           B.      The Complaint Fails to Allege Any Contract with Defendant, Let Alone Breach (Count III)...................................................................... 12

           C.      Plaintiff's Bad Faith Claim Fails as a Matter of Law (Count IV) ............ 14

           D.      Plaintiff's Tortious Interference Claim Fails as a Matter of Law (Count V) ............................................................................... 17

    CONCLUSION.................................................................................................. 19

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*A & E Auto Body, Inc. v. 21st Century Centennial Ins. Co*.,
  2015 WL 12867010 (M.D. Fla. Jan. 22, 2015).......................................................................11

*Alliance of Automotive Service Providers, Inc. et al. v. State Farm Mut. Auto. Ins.
  Co. et al*.,
  No. 6:14-cv-6008-GAP-EJK (M.D. Fla.) ....................................................... *passim*

*Ash v. Cont'l Ins. Co*.,
  932 A.2d 877 (Pa. 2007).........................................................................................16

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)............................................................................................3, 14

*Atiyeh v. Nat'l Fire Ins. Co. of Hartford*,
  742 F. Supp. 2d 591 (E.D. Pa. 2010) ....................................................................15

*Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co*.,
  953 F.3d 707 (11th Cir. 2020) ................................................................................4

*In re Auto Body Shop Antitrust Litigation*,
  2015 WL 4887882 (M.D. Fla. June 3, 2015)....................................................2, 12

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)................................................................................................3

*Bissett v. Verizon Wireless*,
  401 F. Supp. 3d 487 (M.D. Pa. 2019).....................................................................12

*Catron v. City of St. Petersburg*,
  658 F.3d 1260 (11th Cir. 2011) ...............................................................................3

*Chemtech Int'l, Inc. v. Chem. Injection Techs., Inc*.,
  170 F. App'x 805 (3d Cir. 2006) ............................................................................14

*Christo v. Padgett*,
  223 F.3d 1324 (11th Cir. 2000) ...............................................................................4

*ClubCom, Inc. v. Captive Media, Inc*.,
  2009 WL 249446 (W.D. Pa. Jan. 31, 2009)...........................................................17

*Cohen v. Delong*,
  369 F. App'x 953 (10th Cir. 2010) ..........................................................................9

*Crawford Cent. Sch. Dist. v. Com.*,
  585 Pa. 131 (2005) .................................................................................10, 14

*E. Rockhill Twp. v. Richard E. Pierson Materials Corp.*,
  386 F. Supp. 3d 493 (E.D. Pa. 2019) ..............................................................18, 19

*Eley v. State Farm Ins. Co.*,
  2011 WL 294031 (E.D. Pa. Jan. 31, 2011) .....................................................16

*Empire Fire & Marine Ins. Co. v. Jones*,
  739 F. Supp. 2d 746 (M.D. Pa. 2010) .............................................................15

*Fitzgerald v. Dep't of Corr.*,
  2007 WL 951861 (W.D. Wis. Mar. 26, 2007) ................................................9-10

*Geesey v. CitiMortgage, Inc.*,
  135 F. Supp. 3d 332 (W.D. Pa. 2015) ............................................................13

*Hoffman v. BBVA Compass*,
  2017 WL 11084354 (M.D. Fla. Aug. 3, 2017) ................................................9

*Hogan v. Provident Life & Acc. Ins. Co.*,
  665 F. Supp. 2d 1273 (M.D. Fla. 2009) ..........................................................3

*iRecycleNow.com v. Starr Indem. & Liab. Co.*,
  674 F. App'x 161 (3d Cir. 2017) ....................................................................11, 12

*James River Ins. Co. v. Ground Down Eng'g, Inc.*,
  540 F.3d 1270 (11th Cir. 2008) ......................................................................3

*McDonough v. State Farm Fire & Cas. Co.*,
  365 F. Supp. 3d 552 (E.D. Pa. 2019) .............................................................. 14, 15-16

*Mozzo v. Progressive Ins. Co.*,
  2015 WL 56740 (E.D. Pa. Jan. 5, 2015) .........................................................15

*Pellegrino v. Epic Games, Inc.*,
  2020 WL 1531867 (E.D. Pa. Mar. 31, 2020).................................................11

*Prof'l, Inc. v. Progressive Cas. Ins. Co.*,
  2018 WL 10812141 (W.D. Pa. Feb. 26, 2018) ...............................................18

*Ray Angelini, Inc. v. SEC BESD Solar One, LLC*,
  2011 WL 5869906 (M.D. Pa. Nov. 21, 2011) .................................................12

*Rumbough v. Comenity Capital Bank*,
  748 F. App'x 253 (11th Cir. 2018) ..................................................................7, 8

iv

*Simon Prop. Grp., Inc. v. Palombaro*,
    682 F. Supp. 2d 508 (W.D. Pa. 2010) ............................................................17, 18

*Smith v. State Farm Mut. Auto. Ins. Co.*,
    506 F. App'x 133 (3d Cir. 2012) ............................................................15

*Strutz v. State Farm Mut. Ins. Co.*,
    609 A.2d 569 (Pa. Super. Ct. 1992) ............................................................15

*United States v. Klausner Lumber One, LLC*,
    2016 WL 7366891 (M.D. Fla. Dec. 2, 2016) ............................................................9

*Valley Forge Convention & Visitors Bureau v. Visitor's Servs., Inc.*,
    28 F. Supp. 2d 947 (E.D. Pa. 1998) ............................................................19

*Vanover v. NCO Fin. Servs., Inc.*,
    857 F.3d 833 (11th Cir. 2017) ............................................................5, 7, 8, 9

*Watkins v. City of Lauderhill Police*,
    2018 WL 10246972 (S.D. Fla. Feb. 7, 2018) ............................................................8

*Wilson v. Bank of Am., N.A.*,
    48 F. Supp. 3d 787 (E.D. Pa. 2014) ............................................................10

*Windsor Sec., Inc. v. Hartford Life Ins. Co.*,
    986 F.2d 655 (3d Cir. 1993) ............................................................18, 19

*Yellow Pages Photos, Inc. v. Dex Media, Inc.*,
    2019 WL 2247701 (M.D. Fla. May 24, 2019) ............................................................5, 6, 7

**Statutes**

63 P.S. § 860 ............................................................16

63 P.S. § 861(d) ............................................................16

42 Pa.C.S.A. § 5524(3) ............................................................19

42 Pa.C.S.A. § 8371 ............................................................14, 16

**Other Authorities**

Fed. R. Civ. P. 8 ............................................................1, 9

Fed. R. Civ. P. 12(b)(6) ............................................................5, 12, 15

Restatement (Second) of Torts section 767 ............................................................18, 19

Defendant Kemper Independence Insurance Company ("Kemper"), by and through its undersigned counsel, respectfully moves for the entry of an Order dismissing plaintiff Professional, Inc.'s ("Plaintiff" or "Professionals") Complaint (ECF No. 2) in its entirety and with prejudice.  The grounds for this motion are stated in the Memorandum of Law below.

## <u>MEMORANDUM OF LAW</u>

The allegations in this case mirror those in a companion lawsuit pending in this MDL against a group of other insurers: *Professional, Inc. v. First Choice Auto Insurance Company et al.*, M.D. Fla. No. 6:18-cv-06023 (the "*Professional/First Choice* Action").  Plaintiff originally named a different Kemper entity as a defendant in the *Professional/First Choice* Action, then voluntarily dismissed that entity and refiled this individual suit with virtually identical allegations.  And for many of the same reasons articulated in the motions to dismiss filed in the *Professional/First Choice* Action, this Complaint likewise fails as a matter of law.

First, Plaintiff's claims are barred by *res judicata*, because Professionals already litigated them, or could have, in *Alliance of Automotive Service Providers, Inc. et al. v. State Farm Mut. Auto. Ins. Co. et al*., No. 6:14-cv-6008-GAP-EJK (M.D. Fla.) ("*Alliance*"), where Professionals is also a plaintiff, and Kemper is a defendant.  Because this Court previously dismissed Professionals' claims of *quantum meruit*, unjust enrichment and tortious interference in *Alliance*, those claims are now barred by *res judicata*—as are the contract and bad faith claims that Professionals could have, but did not, assert there.  Likewise, the doctrine of claim splitting prevents Plaintiff from maintaining this action when it could have brought its claims in *Alliance*.

Second, the Complaint violates Federal Rule of Civil Procedure 8 because it fails to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Instead, Plaintiff sets forth its claims in vague, general, and conclusory terms, and

then appends copies of repair estimates, purported assignments of claims and other documents, effectively telling Defendant and the Court to "go fish."  It is hardly a "short and plain statement of the claim" when it puts the onus on Defendant and the Court to decipher the attached exhibits to find a cognizable claim.  These pleading defects require dismissal.

Third, even if Plaintiff's claims were correctly pleaded and not barred, the Complaint still fails to allege any cognizable claim for relief.  The claims for *quantum meruit* (Count I) and unjust enrichment (Count II) fail for the same reasons previously articulated by this Court in *In re Auto Body Shop Antitrust Litig.*, No. 6:14-CV-6006-ORL-31, 2015 WL 4887882, at *12 (M.D. Fla. June 3, 2015).  Specifically, Plaintiff fails to set forth any allegations that its repair of the vehicle owners' vehicles in any way conferred a benefit on Defendant or that it would be unjust for Defendant to retain this supposed benefit.  Both are fatal to Plaintiff's claims.

As for its breach of contract claim (Count III), Plaintiff does nothing more than recite the elements of the cause of action.  The Complaint fails to identify the specific insurance contracts at issue and fails to identify the specific terms or conditions of those contracts that purportedly were breached.  Plaintiff's bad faith claim (Count IV) likewise fails because it sets forth nothing more than conclusory allegations and contains no facts establishing any breach of any duty.  The Complaint simply contains no facts tending to establish that Defendant denied any claims, let alone did so unreasonably.  The few facts pleaded at most allege that Plaintiff thinks it should be paid more for repairs performed, which in and of itself is hardly a cause of action.

Nor does the Complaint state a claim for tortious interference with business relations (Count V).  Plaintiff failed to allege any purposeful action by Defendant that unjustifiably interfered with identifiable contracts with identifiable vehicle owners and caused Plaintiff damage. And Defendant's admitted economic interest in the transactions negate any arguable absence of

justification, a necessary element for Plaintiff to state a claim.  In sum, the Complaint should be dismissed in its entirety.

## LEGAL STANDARD

To avoid dismissal, "'the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level"; if they do not, the plaintiff's complaint should be dismissed.'"  *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 (11th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plausibility "requires pleading 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Catron v. City of St. Petersburg*, 658 F.3d 1260, 1264-65 (11th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Complaint "must plausibly establish each element of the cause of action" alleged.  H*ogan v. Provident Life & Acc. Ins. Co.*, 665 F. Supp. 2d 1273, 1286 (M.D. Fla. 2009). If a plaintiff has "not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

## LAW AND ARGUMENT

**I.     Plaintiff's Tort Claims are Barred by *Res Judicata.***

The doctrine of *res judicata*  "bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action" if: (1) the prior decision was rendered by a court of competent jurisdiction, (2) there was a final judgment on the merits, (3) both cases involved the same parties or their privies, and (4) both cases involved the same cause of action. *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001).  Because all four elements are satisfied here, Plaintiff's claims are barred.

First, there is no question that this Court had jurisdiction to decide *Alliance*, and in fact did so, dismissing Professionals' claims of *quantum meruit*, unjust enrichment and tortious

3

interference against Kemper and the other defendants in that case.  (*See Alliance* Order, No. 6:14-cv-6008-GAP-EJK, ECF No. 107.)

Second, as the Eleventh Circuit has held, the dismissal order in *Alliance* "became [a] final judgment[] when the deadline to amend expired." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720 (11th Cir. 2020); (*see also* Allstate Consolidated Supplemental Brief, No. 6:14-md-2557, ECF No. 228.)  The district court's denial of the defendants' Motion to Strike the Amended Complaint (ECF No. 116) does not change this result, as the court did not have jurisdiction to decide the motion to strike.  Like the Indiana and Utah complaints addressed by the Eleventh Circuit, the *Alliance* Plaintiffs "never moved to set aside those final judgments under Rules 59(e) or 60(b), so the district court 'surrendered jurisdiction' of the [ ] actions when the deadline to amend expired." *Auto. Alignment*, 953 F.3d at 720.[1]

Third, both cases involve the same parties.  Professionals was a plaintiff and Kemper was a defendant in *Alliance*.  (*See Alliance* Compl., No. 6:14-cv-6008-GAP-EJK, ECF No. 1, ¶¶ 6, 73; *Alliance* Am. Compl., No. 6:14-cv-6008-GAP-EJK, ECF No. 109, ¶¶ 7, 76.)

Fourth, both cases involve the same causes of action.  (Compl., ECF No. 2, ¶¶ 22-41, 59-69; *Alliance* Compl., No. 6:14-cv-6008-GAP-EJK, ECF No. 1, ¶¶ 144-51, 156-59.)  And while not alleged in *Alliance*, Professionals' claims for breach of contract and bad faith are also barred because they arise from the same transaction or series of transactions.  *Piper Aircraft*, 244 F.3d at 1296-97.  Professionals alleges the exact same series of transactions to support of all its claims.

Accordingly, the Court should dismiss the Complaint based on *res judicata*.

---

[1] Even if *res judicata* does not apply, the lesser standard of collateral estoppel operates as a bar. *See Christo v. Padgett*, 223 F.3d 1324, 1339 (11th Cir. 2000) ("It is widely recognized that the finality requirement is less stringent for issue preclusion than for claim preclusion.").

## II.      Plaintiff's Complaint Should be Dismissed Pursuant to Rule 12(b)(6) for Improper Claim Splitting.

The Complaint should also be dismissed as a form of impermissible claim splitting.  "The rule against claim splitting 'requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit.'"  *Yellow Pages Photos, Inc. v. Dex Media, Inc*., 2019 WL 2247701, at *3-4 (M.D. Fla. May 24, 2019) (quoting *Vanover v. NCO Fin. Servs., Inc*., 857 F.3d 833, 841 (11th Cir. 2017)).   The Eleventh Circuit has held that improper claim-splitting is a doctrine that derives from *res judicata*, which is appropriate grounds for dismissal under 12(b)(6).  *Vanover,* 857 F.3d at 836 n.1 (citing *Concordia v. Bendekovic,* 693 F.2d 1073, 1075–76 (11th Cir. 1982)).   Dismissing for improper claim-splitting "ensures that a plaintiff may not 'split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which relief is sought, and leave the rest to be presented in a second suit, if the first fails.'"  *Id*. (quoting *Stark v. Starr*, 94 U.S. 477, 485, 24 L.Ed. 276 (1876)). The claim-splitting doctrine "ensure[s] fairness to litigants and ... conserve[s] judicial resources."  *Id*.  In the Eleventh Circuit, to determine whether a plaintiff has engaged in improper claim splitting, the court applies a two-factor test: "(1) whether the case involves the same parties and their privies, and (2) whether separate cases arise from the same transaction or series of transactions." *Vanover,* 857 F.3d at 841–42.  Applying the two-factor test to this action, there is clearly improper claim splitting that warrants dismissal.

The first factor of the claim-splitting analysis, whether the case involves the same parties and their privies, is satisfied here.  As discussed above, Professionals is also a Plaintiff in the *Alliance* matter, and Kemper is a defendant.  (*See Alliance* Compl., No. 6:14-cv-6008-GAP-EJK, ECF No. 1, ¶¶ 6, 73; *Alliance* Am. Compl., No. 6:14-cv-6008-GAP-EJK, ECF No. 109, ¶¶ 7, 76.)

The second factor of the claim splitting analysis, whether separate cases arise from the same transaction or series of transactions, is also satisfied here.  Courts in the Eleventh Circuit

have held that cases "arise from the same transaction or series of transactions" when they are "based on the same nucleus of operative fact." *Yellow Pages Photos, Inc*., 2019 WL 2247701, at *3–4. This action plainly "arise[s] from the same transaction or series of transactions" as the *Alliance* action. *Id*.

Indeed, this action contains many factual allegations that are virtually identical to those alleged in *Alliance*, the *Professional/First Choice* Action, and the twenty-four other copycat cases over which Judge Presnell has presided in this MDL. (*Compare, e.g.,* Compl., ECF No. 2, ¶ 12 ("Over a period of years, Defendant has engaged in intentional, ongoing and concerting courses of conduct in order to improperly and illegally control and depress the costs of automobile repairs, which has all been to the detriment of Plaintiff and the substantial benefit of Defendant.") *and Professional/First Choice* Compl., No. 6:14-cv-6024, ¶ 44 ("Over a period of years, the various Defendants have engaged in intentional, ongoing and concerting courses of conduct in order to improperly and illegally control and depress the costs of automobile repairs, which has all been to the detriment of Plaintiff and the substantial benefit of Defendants."), *with Alliance* Compl., No. 6:14-cv-6008-GAP-EJK, ECF No. 1, ¶ 83 ("Over the course of several years, the Defendants have engaged in an ongoing, concerted and intentional course of action and conduct with State Farm acting as the spearhead to improperly and illegally control and depress automobile damage repair costs to the detriment of the Plaintiffs and the substantial profit of the Defendants.").)

Other examples of overlapping allegations between this case and *Alliance* include:

| *Professionals v. Kemper* | *Alliance* |
|---|---|
| Plaintiff has "expended significant costs in the sense of labor and materials to the benefit of Defendant and Defendant's claimant or insured." (Compl., ECF No. 2, ¶ 24). | "Performing said services and expending material resources benefitted defendants and defendants' insured/claimants." (*Alliance* Compl., No. 6:14-cv-6008-GAP-EJK, ECF No. 1, ¶ 145.) |

6

| *Professionals v. Kemper* | *Alliance* |
|---|---|
| Defendant "attempted to direct Plaintiff to utilize inferior parts and/or to perform inferior service . . . ." (Compl., ECF No. 2, ¶ 62.) | Defendants direct Plaintiffs to "utiliz[e] used and/or recycled parts rather than new parts even when new parts are available and a new part would be the best and highest quality repair to the vehicle;. . . ." (*Alliance* Compl., No. 6:14-cv-6008-GAP-EJK, ECF No. 1, ¶ 118.) |
| "Defendant has failed and/or refused to remit full reimbursement to Plaintiff for the necessary repairs to each vehicle." (Compl., ECF No. 2, ¶ 37.) | Defendants "refus[e] and/or fail[] to compensate plaintiffs for ordinary and customary repairs and materials costs places plaintiffs in the untenable position of either performing incomplete and/or substandard repairs . . . ." " (*Alliance* Compl., No. 6:14-cv-6008-GAP-EJK, ECF No. 1, ¶ 126.) |

Here, the Plaintiff alleges certain additional facts, including that each policyholder has executed an "assignment of proceeds" allegedly "authorizing Professionals to recover any unpaid amount" from the insurers that was purportedly owed to Professionals. (Compl., ECF No. 2, ¶ 8.) But these additional allegations relating to the executed assignments of proceeds do not "change the essential nature" of the claims, nor do they suggest that those "claims do not arise from the same 'series of transactions' as those that he asserted" in the *Alliance* complaint. *Rumbough v. Comenity Capital Bank*, 748 F. App'x 253, 256. (11th Cir. 2018). The "nucleus of operative facts" is the same in both actions. *Yellow Pages Photos, Inc.*, 2019 WL 2247701, at *3–4.

Allowing Professionals to avoid the "consequences" of its choice not to proceed with additional causes of action "available to it at the time it filed" the *Alliance* action, or to timely file its Amended Complaint in *Alliance* to add those causes of action, would "defeat the objective of the claim-splitting doctrine to promote judicial economy and shield parties from vexatious and duplicative litigation while empowering the district court to manage its docket." *Yellow Pages Photos, Inc.*, 2019 WL 2247701, at *5 (citing *Vanover*, 857 F.3d at 843).

Moreover, there are overlapping causes of action between this case and *Alliance*.  Like the initial Complaint in *Alliance*, the Complaint here asserts claims for unjust enrichment, *quantum meruit*, and tortious interference.  Plaintiff's assertion of additional legal theories of breach of contract and bad faith does not create a different nucleus of operative facts and is of no consequence to the claim-splitting analysis.  The Eleventh Circuit has held that the addition of separate causes of action in a later-filed suit does not prevent dismissal for improper claim splitting.  *See Vanover*, 857 F.3d at 843; *see also Watkins v. City of Lauderhill Police*, 2018 WL 10246972, at *2 (S.D. Fla. Feb. 7, 2018) (plaintiff engaged in claim-splitting even though he added new causes of action to the later-filed action).  "To rule otherwise would defeat the objective of the claim-splitting doctrine to promote judicial economy and shield parties from vexatious and duplicative litigation while empowering the district court to manage its docket."  *Id.*

Finally, in its January 30, 2018 transfer order, the Judicial Panel on Multidistrict Litigation ("JPML") recognized the significant overlap between *Professionals* and the other actions in this MDL, including *Alliance.*  (*See Transfer Order*, MDL 2557, ECF No. 479 (JPML Jan 30, 2018).)  The JPML explained that "[l]ike many of the centralized actions, plaintiff Professional, Inc., which also is a plaintiff in the MDL, alleges that numerous insurers acted in concert to control and depress the reimbursement rates applicable to automobile collision repair shops and that plaintiff has been injured as a result."  *Id.* at 1. Also, the JPML noted, Professionals did not dispute that the actions "involve the same anticompetitive conduct alleged in MDL No. 2557," or that "the state law claims in its new actions overlap with the claims asserted in its previously centralized action."  *Id*. at 1, 2.

Accordingly, because this case does not raise a "new and *independent*" claim, it satisfies the second prong of the claim-splitting test.  *Rumbough,* 748 F. App'x at 256 (emphasis added).

Under the applicable two-factor test set forth by the Eleventh Circuit in *Vanover*, the Professionals complaint should be dismissed for improper claim splitting, at least to the extent the claims predate the deadline of the Amended Complaint in *Alliance*, because those causes of action were "available to it at the time it filed." *Id.*

### III.    The Complaint Violates Rule 8's Pleading Standard.

Finally, the Court should dismiss the Complaint because it violates Federal Rule of Civil Procedure 8's requirement that it contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).  Plaintiff's Complaint is almost entirely devoid of specific factual allegations and relies instead on an exhibit allegedly containing the underlying transactional documents, with no explanatory information or summaries and no way to know precisely what is being claimed on any given transaction, or whether the claim is being asserted by Plaintiff in its own right, or as an assignee of its customer, or both.

This type of pleading is antithetical to Rule 8 and requires dismissal.  *United States v. Klausner Lumber One, LLC*, No. 3:16-CV-203-J-32JBT, 2016 WL 7366891, at *2 (M.D. Fla. Dec. 2, 2016), *report and recommendation adopted*, No. 3:16-CV-203-J-32JBT, 2016 WL 7338442 (M.D. Fla. Dec. 19, 2016) ("[A]ttaching voluminous exhibits, particularly without doing anything more than generally referencing them in the Complaint, is inconsistent with the requirement that a complaint contain 'a short and plain statement' of the claim(s).").[2]  Defendant should not be forced to wade through exhibits to the Complaint to try and divine what claims are being made against them.  *See Fitzgerald v. Dep't of Corr.*, No. 07-C-61-C, 2007 WL 951861, at *1 (W.D. Wis. Mar.

---

[2] *See also Hoffman v. BBVA Compass*, 2017 WL 11084354, at *3 (M.D. Fla. Aug. 3, 2017) (finding that complaint which "incorporates by reference 42 exhibits, which total almost 600 pages" is "far from a 'short and plain statement of the claim'"); *Cohen v. Delong*, 369 F. App'x 953, 957 (10th Cir. 2010) ("Rule 8 demands more than naked assertions and unexplained citations to voluminous exhibits.").

26, 2007) ("[P]etitioner appears to want the court and respondents to look to the content of those exhibits in an attempt to determine the nature of his claims against them. . . . [I]t is contrary to the dictates of Fed.R.Civ.P. 8 to require respondents to guess at the nature of a petitioner's claims against them."). Dismissal is appropriate on this basis alone.

IV.     **The Complaint Fails to State Any Cognizable Claim for Relief.**

    A.     **Plaintiff's *Quantum Meruit* (Count I) and Unjust Enrichment (Count II) Claims Fail For the Same Reasons Already Determined by this Court.**

Plaintiff's claims for *quantum meruit* and unjust enrichment fail for a multitude of substantive reasons as well. First and foremost, it is entirely unclear from the Complaint whether Plaintiff intends to assert these claims on its own behalf, or if Plaintiff is suing as a purported assignee of the vehicle owner. Either way, these claims fail.

Plaintiff cannot state claims for *quantum meruit* or unjust enrichment based on its assignments from vehicle owners because the vehicle owners' claims are barred by contract. It is undisputed that written insurance policies exist between Kemper and its insureds, and that the allegations in Plaintiff's Complaint arise out of those insurance policies. (Compl., ECF No. 2, ¶ 6.) "[I]t is a well-established rule that the doctrine of unjust enrichment is inapplicable when the relationship between the parties is founded upon written agreements[.]" *Wilson v. Bank of Am., N.A.*, 48 F. Supp. 3d 787, 814 (E.D. Pa. 2014). It is equally well established that Plaintiff, as assignee can assert no greater rights than its assignors. *Crawford Cent. Sch. Dist. v. Com.*, 585 Pa. 131, 142 (2005). So, to the extent that Plaintiff is asserting *quantum meruit* or unjust enrichment in its supposed capacity as assignee, the claims fail because they are governed by written contracts between Plaintiffs' assignors and Kemper.

To the extent Plaintiff sues in its own right, the claims likewise fail. To state a claim for unjust enrichment, Plaintiff must allege: "(1) a benefit conferred on the defendant by the plaintiff,

10

(2) appreciation of such benefit by the defendant, and (3) acceptance and retention of such benefit under circumstances such that it would be inequitable for the defendant to retain the benefit without payment to the plaintiff." *iRecycleNow.com v. Starr Indem. & Liab. Co*., 674 F. App'x 161, 162 (3d Cir. 2017).  An unjust enrichment claim must allege "that there were benefits conferred on defendant *by plaintiff*."  *Pellegrino v. Epic Games, Inc.*, 2020 WL 1531867, at *4 (E.D. Pa. Mar. 31, 2020).  A claim of unjust enrichment by Plaintiff on its own behalf fails because Plaintiff has not alleged that it conferred a benefit on Kemper or that it would be unjust for Kemper to retain such alleged benefit.

In sum, Plaintiff's unjust enrichment and *quantum meruit* claims allege that Kemper benefited by retaining sums due to Plaintiff for the repairs Plaintiff performed on vehicles owned by insureds and third-party claimants who are allegedly covered by one of Kemper's insurance policies.  The problem with this theory is that the retention of money allegedly owed for the repairs is not a "benefit" conferred on Kemper by Plaintiff.  As this Court previously explained, "[t]he shop must confer a benefit on the insurance company **before** the insurance company's retention of any money would be wrongful; the retention itself cannot make the retention wrongful." *A & E Auto Body, Inc. v. 21st Century Centennial Ins. Co*., 2015 WL 12867010, at *5 (M.D. Fla. Jan. 22, 2015) (emphasis added).  The Court went on to state that "even if one could characterize it as a 'benefit,' the insurance company's retention of its money is certainly not something that has been conferred upon it by the repair shop."  *Id*.  For the same reasons, this claim should be dismissed.

Additionally, in another prior decision in the MDL on several complaints brought by various body shops against many of the defendant insurers—including the *Alliance* case involving Professionals—this Court dismissed the claims for unjust enrichment "because Plaintiffs have failed to allege facts showing that it would be unjust to allow Defendants to retain any benefit

11

Plaintiffs may have conferred." *In re Auto Body Shop Antitrust Litig.*, 2015 WL 4887882, at \*12

(M.D. Fla. June 3, 2015).  The Court explained that:

> There is no allegation in any of these complaints that Defendants (rather than their insureds or claimants) asked any of the Plaintiffs to perform repairs. Plaintiffs must therefore plead facts sufficient to support a conclusion that their failure to bargain with Defendants before performing repairs was justified under the circumstances. The facts pled by Plaintiffs suggest the opposite is true. Plaintiffs do not allege that it was impossible or even impractical for them to bargain with Defendants over price before agreeing to perform repairs.

*Id*. at \*13.  The same is true here.  The Complaint alleges that the "*automobile owners* . . . did

select Professional . . . and provided a written authorization to Professionals to perform those

repairs[.]"  (Compl., ECF No.2, ¶ 7 (emphasis added); *see also id* ¶ 24 ("Plaintiff was contacted

by the customer and then, *pursuant to the customer's authorization*, expended significant costs in

the sense of labor and materials[.]") (emphasis added).)  Further, the Complaint contains no

allegations that Kemper asked for Plaintiff's services, or that Plaintiff was unable to bargain with

Kemper over a price before performing the repairs.  Because the Complaint does not allege that

Kemper "requested a benefit from [Plaintiff] or misled it in any way," the unjust enrichment count

must be dismissed.  *iRecycleNow.com*, 674 F. App'x at 163.

Finally, "[b]ecause *quantum meruit* is a remedy, not a freestanding legal claim" under

Pennsylvania law, this claim should be dismissed.  *Ray Angelini, Inc. v. SEC BESD Solar One,*

*LLC*, 2011 WL 5869906, at \*3 (M.D. Pa. Nov. 21, 2011) (dismissing *quantum meruit* claim).

### B.     The Complaint Fails to Allege Any Contract with Defendant, Let Alone Breach (Count III).

To state a claim for breach of contract, a plaintiff must plead facts showing: "(1) the

existence of a contract, including its essential terms, (2) a breach of the contract; and[ ] (3) resultant

damages.'"  *Bissett v. Verizon Wireless*, 401 F. Supp. 3d 487, 498-99 (M.D. Pa. 2019) (citations

omitted).  "[T]he complaint must allege facts sufficient to place the defendant on notice of the

contract claim in such a way that the defendant can reasonably respond." *Id.* at 499 (quoting *Jones v. Select Portfolio Servicing, Inc.*, No. 08-cv-972, 2008 WL 1820935, at *10 (E.D. Pa. Apr. 22, 2008)). Plaintiff's Complaint is devoid of any allegations supporting a breach of contract claim against Defendant.

Like Plaintiff's other claims, the Complaint fails to identify whether this count is brought on behalf of Plaintiff or its assignors. There are no allegations that Plaintiff had any independent contract with the Defendant here. It goes without saying that a threshold element for breach of contract is the existence of a valid and enforceable contract, but to the extent Plaintiff sues in its own right, none is alleged. Thus, to the extent that Count III asserts a breach of contract claim on behalf of Plaintiff directly and not as an assignee, it must be dismissed.

To the extent Plaintiff is asserting the rights of its assignors, the claim fares no better. The only allegation relating to the underlying contracts of insurance states that "any individuals insured by the various defendants have brought their automobiles to the plaintiff's auto body repair shop for repairs that were to be covered pursuant to each insurance policy whether the policy was by and between the owner of the automobile or a policy with the liable third party." (Compl., ECF No. 2, ¶ 6.) This says nothing about the terms of the insurance policies that allegedly cover the repairs or what Kemper's obligations were under those policies, let alone what terms of each of those policies Kemper supposedly breached. This is fatal to Plaintiff's claim. *Geesey v. CitiMortgage, Inc.*, 135 F. Supp. 3d 332, 344 (W.D. Pa. 2015) ("[T]he Court concludes that Plaintiffs fail as a matter of law to state a claim for breach of contract because they fail to allege the essential terms of the purported contract.").

Moreover, to the extent that Plaintiffs' assignors were third-party claimants, they would have no breach of contract claim against the tortfeasor's insurance company, because any

13

insurance contract ran between Defendant and the tortfeasor, not between Defendant and the third-party claimant/assignor.  If the claimant had no breach of contract claim, Plaintiff as assignee would likewise hold no breach of contract claim.  *Crawford Cent. Sch. Dist.,* 585 Pa. at 142.

Further, the vague allegation that Defendant "has failed and/or refused to make payment in full," (Compl., ECF No. 2, ¶ 46), is nothing more than the kind of "unadorned, the-defendant-unlawfully-harmed-me accusation" rejected in *Iqbal,* 556 U.S. at 678.  "[C]ourts are not required to credit bald assertions and legal conclusions in the complaint. Stating that a contract was breached is stating a legal conclusion." *Chemtech Int'l, Inc. v. Chem. Injection Techs*., Inc., 170 F. App'x 805, 808 (3d Cir. 2006) (holding that "the District Court did not need to credit the assertions that the defendant 'breached' and 'revoked' a contract").

### C.      Plaintiff's Bad Faith Claim is Wholly Conclusory (Count IV).

Plaintiff attempts to assert a claim of bad faith under 42 Pa. CSA § 8371 based on Defendant's alleged violation of the Pennsylvania Motor Vehicle Damage Appraisers Act by allegedly failing to "fully and properly evaluate each claim" and "to fully and properly inspect and make full and proper payment for the repairs necessary to each vehicle."  (Compl., ECF No. 2, ¶¶ 52-54.)  To state a claim under Section 8371, a "plaintiff must present clear and convincing evidence (1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew of or recklessly disregarded its lack of a reasonable basis." *McDonough v. State Farm Fire & Cas. Co*., 365 F. Supp. 3d 552, 557 (E.D. Pa. 2019) (citations omitted).  None of Plaintiff's allegations are sufficient to state a claim.

First, Plaintiff has again failed to identify whether this claim is brought on its own behalf or on behalf its assignors.  To the extent Plaintiff is attempting to bring this claim on its own behalf or on behalf of its third-party assignors (those who are not insureds under the policies), the claim must fail.  "[U]nder Pennsylvania law, a third party claimant cannot have a cause of action for bad

faith." *Empire Fire & Marine Ins. Co. v. Jones*, 739 F. Supp. 2d 746, 769 (M.D. Pa. 2010) (citations omitted); *Strutz v. State Farm Mut. Ins. Co.*, 609 A.2d 569, 571 (Pa. Super. Ct. 1992) (dismissing bad faith claim brought by third-party claimant).

Even as to any validly assigned first-party claims, the Complaint fails.  Each of Plaintiff's statements of bad faith conduct is too conclusory to state a claim.  "Repeatedly, courts have dismissed bad faith claims under Federal Rule of Civil Procedure 12(b)(6) where the complaint set forth 'bare-bones' conclusory allegations that did not provide a factual basis for an award of bad faith damages." *Mozzo v. Progressive Ins. Co.*, 2015 WL 56740, at *2 (E.D. Pa. Jan. 5, 2015) (collecting cases).  Here, Plaintiff alleges no facts to suggest that Defendant denied "benefits to plaintiff without a reasonable basis" or "knowingly or recklessly disregarding the lack of a reasonable basis to deny plaintiff's claim[.]" *Atiyeh v. Nat'l Fire Ins. Co. of Hartford*, 742 F. Supp. 2d 591, 599 (E.D. Pa. 2010) (holding that plaintiff's "'bare-bones' conclusory allegations [ ] do not state a plausible bad faith claims").

Even the one "example" claim establishes nothing more than that Plaintiff and the Defendant insurance carrier disagreed as to the proper reimbursable amount.  (Compl., ECF No. 2, ¶¶ 15-21.)  No facts are pleaded that would suggest that Defendant acted in bad faith or "without a reasonable basis." *Id.*  A bad faith claim "'is not present merely because an insurer makes a low but reasonable estimate of an insured's damages.'" *Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 136 (3d Cir. 2012) (quoting *Johnson v. Progressive Ins*. Co., 987 A.2d 781, 784 (Pa. Super. Ct. 2009)).  In *McDonough*, the court held that it was not sufficient to simply allege in conclusory fashion that the insurer:

> unreasonably withheld the payment of underinsured motorist benefits under the policy, failed to make a reasonable offer of settlement, presented a low offer of settlement, failed to engage in good faith negotiations, presented an offer of less than the amount due in an attempt to compel him to institute litigation, and failed

15

to perform an adequate investigation of the value of his claim for underinsured motorist benefits.

365 F. Supp. 3d at 557–58.  Plaintiff's conclusory statements similarly fail.  *See Eley v. State Farm Ins. Co.*, 2011 WL 294031, at *4 (E.D. Pa. Jan. 31, 2011) (dismissing claim supported only by allegations that "Defendant has declined to settle Plaintiffs' claim").

Further, to the extent Plaintiff's bad faith claim is based on an alleged violation of the Pennsylvania Motor Vehicle Damage Appraisers Act, there is no private cause of action under this statute.  Rather, the authority to enforce the alleged violations rests solely with the Pennsylvania Insurance Commissioner.  *See* 63 PA. C.S.A. § 860. ("The Insurance Commissioner is hereby charged with the administration and enforcement of this act and shall prescribe, adopt and promulgate rules and regulations in connection therewith.").  Even if the statute permitted a private claim, Professionals failed to plead one here as it does not identify what portion of the statute Defemdant allegedly violated, nor does it provide any factual detail regarding the alleged violations.[3]

Finally, to the extent Plaintiff asserts bad faith for repair work performed on customers' vehicles prior to August 23, 2015, Plaintiff's claim is barred by the statute of limitations.  Plaintiff alleges that the transactions on which it bases its claims occurred "[a]t various times between September, 2013 up through the date of this filing[.]"  (Compl., ECF No. 2, ¶ 6.)  A bad faith claim under Section 8371 is subject to a two-year statute of limitations.  *Ash v. Cont'l Ins. Co.*, 932 A.2d 877, 885 (Pa. 2007).  To the extent Plaintiff's claim is based on repair work performed prior to

---

[3] While the statute prohibits appraisers from "requir[ing] that repairs be made in any specified shop" 63 PA. C.S.A. § 861(d), Professionals does not allege that any insured was restricted in its choice of repair facilities or was not free to choose its own body shop, including Professionals.

September 11, 2015, two years prior to filing the Complaint, Plaintiff's claim is time barred and should be dismissed.

### D.    Plaintiff's Tortious Interference Claim Fails as a Matter of Law (Count V).

Plaintiff's final claim is that "Plaintiff had a contract with each of the vehicle owners to repair each" and that "Defendant purposefully and intentionally interfered with that contractual relationship by failing and/or refusing to pay for all reasonable and necessary repairs"  or by "attempt[ing] to direct Plaintiff to utilize inferior parts and/or to perform inferior service." (Compl., ECF No. 2, ¶¶ 60-62.)  "Under Pennsylvania law, the elements of a claim for tortious interference with existing contractual relations are: (1) the existence of a contractual relation between the claimant and a third party; (2) purposeful action by the opposing party specifically intended to harm the existing relation; (3) the absence of privilege to do so; and (4) resulting damages."  *Simon Prop. Grp., Inc. v. Palombaro*, 682 F. Supp. 2d 508, 511 (W.D. Pa. 2010). Plaintiff's allegations fall short on multiple grounds.

First, "[f]or a plaintiff to prevail on an interference claim, Pennsylvania courts require a breach or nonperformance of the contract at issue and do not permit recovery on tortious interference claims where the performance of a contract was rendered more expensive or burdensome." *ClubCom, Inc. v. Captive Media, Inc*., 2009 WL 249446, at *12 (W.D. Pa. Jan. 31, 2009).  Plaintiffs do not allege that any insured breached his or her contract with Plaintiff as a result of any of Kemper's actions; indeed, Plaintiff acknowledges that it "completed the terms of its contract with each vehicle owner." (Compl., ECF No. 2, ¶ 62.) For that reason alone, Plaintiff's tortious interference claim fails.

Second, Plaintiff's Complaint lacks any allegations that Defendant took purposeful actions intended to harm Plaintiff or engaged in any "independently wrongful conduct."  Plaintiff alleges only that Defendant "fail[ed] and/or refus[ed] to pay for all reasonable and necessary repairs," or

requested (apparently unsuccessfully) the use of parts or procedures that Plaintiffs say are "inferior" in some unspecified and unexplained way. (Compl., ECF No. 2, ¶¶ 61-62.) Neither allegation is sufficient to establish "wrongful" conduct to sustain a tortious interference claim. *Windsor Sec., Inc. v. Hartford Life Ins. Co.*, 986 F.2d 655, 664–65 (3d Cir. 1993) ("The concept of independently wrongful conduct becomes useless if breach of contract alone constitutes independently wrongful conduct under § 767. Most interferences with contract . . . entail a breach of contract."). Neither non-payment, nor a request to utilize more cost-effective parts and procedures, (regardless whether Plaintiff views them as "inferior"), are independently wrongful or unlawful.[4]

Third, Plaintiff's statement that "Defendant lacked privilege or justification for such interference," (Compl., ECF No. 2, ¶ 63), is far too conclusory to establish a lack of justification. "In Pennsylvania, the plaintiff must demonstrate a lack of privilege or justification as part of the prima facie case, and failure to do so results in dismissal of the claim." *E. Rockhill Twp. v. Richard E. Pierson Materials Corp.*, 386 F. Supp. 3d 493, 502 (E.D. Pa. 2019); *see also Simon Prop. Grp., Inc.*, 682 F. Supp. 2d at 512 (refusing to credit plaintiffs' "blanket, conclusory statement" that defendant's "interference with their existing and prospective contracts was not privileged").

Moreover, the allegations of the Complaint make clear that Defendant's actions were privileged and justified. A court applying Pennsylvania law looks at the factors listed in

---

[4] In the severed action against Progressive only, the Western District of Pennsylvania dismissed Plaintiff's tortious interference on the grounds that Professionals failed to "allege facts that give rise to a reasonable inference that Progressive specifically intended to harm Professionals' contracts with its customers." *Prof'l, Inc. v. Progressive Cas. Ins. Co.*, 2018 WL 10812141, at *7 (W.D. Pa. Feb. 26, 2018). While the court denied the motion to dismiss on the remaining counts, the pleading at issue was an amended complaint containing additional allegations. Further, Judge Gibson appeared to apply different pleading standards than those held acceptable in the Eleventh Circuit. Even under Judge Gibson's standard though, the remaining counts should be dismissed for the reasons discussed herein.

Restatement (Second) of Torts section 767 to determine if the defendant's conduct is privileged or justified.  *E. Rockhill Twp.*, 386 F. Supp. 3d at 503.[5]  "[W]here an actor is motivated by a genuine desire to protect legitimate business interests, this factor weighs heavily against finding an improper interference."  *Windsor Sec., Inc.*, 986 F.2d at 665.  Here, the Complaint clearly alleges that Defendant had a legitimate business interest in the transactions between Plaintiff and the vehicle owners as the repairs "were to be covered pursuant to each insurance policy whether the policy was by and between the owner of the automobile or a policy with the liable third party." (Compl., ECF No. 2, ¶ 6.)  Defendant's alleged refusal to reimburse Plaintiff, or to utilized less costly parts or procedures in the repair process, was therefore a privileged act and cannot form the basis of a tortious interference claim.  *See Valley Forge Convention & Visitors Bureau v. Visitor's Servs., Inc.*, 28 F. Supp. 2d 947, 952 (E.D. Pa. 1998) ("A breach of contract motivated by a defendant's desire to reduce costs or increase profits or to avoid the consequences of a 'bad bargain' will not support an intentional interference claim.").

Finally, a claim for tortious interference is also subject to a two-year statute of limitations. *See* 42 Pa. Stat. C.S.A. § 5524(3).  Thus, to the extent Plaintiff's claim for tortious interference is based on repairs completed prior to September 11, 2015, Plaintiff's claim is time barred.

## CONCLUSION

Based on the foregoing, the Court should dismiss Plaintiff's Complaint in its entirety.

Dated: August 7, 2020                              Respectfully submitted,

                                                   */s/ Michael K. Farrell*
                                                   Michael K. Farrell

---

[5] "Those factors include: '(a) the nature of the actor's conduct, (b) the actor's motive, (c) the interests of the other with which the actor's conduct interferes, (d) the interests sought to be advanced by the actor, (e) the social interests in protecting the freedom of action of the actor and the contractual interests of the other, (f) the proximity or remoteness of the actor's conduct to the interference, and (g) the relations between the parties.'"  *Id.*

Daniel M. Kavouras
BAKER HOSTETLER LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, Ohio 44114
Telephone: (216) 621-0200
Facsimile: (216) 696-0740
Email: mfarrell@bakerlaw.com
Email: dkavouras@bakerlaw.com

*Counsel for Defendant Kemper Independence*
*Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 7th day of August, 2020, I electronically filed the

foregoing with the Clerk of the Court by using the CM/ECF system which will send a Notice

of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF

system.

*/s/ Daniel M. Kavouras*

Attorney for Defendant
